**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JASON WAYNE NAILLIEUX, *et al*,

        Plaintiffs,

- v -               Civ. No. 1:18-CV-889
                    (BKS/DJS)

UNITED STATES MINT (MONEY),

        Defendant.

**APPEARANCES:**            **OF COUNSEL:**

JASON WAYNE NAILLIEUX
Plaintiff, *Pro Se*
1154 Dekalb Avenue
Brooklyn, New York 11221

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

Plaintiff *pro se* Jason Wayne Naillieux filed a Complaint on July 31, 2018. Dkt. No. 1, Compl. Pursuant to 28 U.S.C. § 1915(e) this Court conducted a *sua sponte* review of the sufficiency of the Complaint and recommended that the Complaint be dismissed with leave to replead. Dkt. No. 6. The basis for that recommendation was that the Complaint as written failed to comply with the pleading rules of the Federal Rules of Civil Procedure by not adequately setting forth the factual and legal basis of the claims. *Id.* at pp. 5-6. Plaintiff then filed an Amended Complaint. Dkt. No. 8. District Court Judge Sannes subsequently adopted the Report-Recommendation, dismissed the Complaint, and referred Plaintiff's Amended

Complaint to the undersigned for review. Dkt. No. 9. Having reviewed the Amended Complaint, the Court recommends that it be dismissed with prejudice.

The same standards apply to review of Plaintiff's Amended Complaint as applied to the review of his initial Complaint. Without setting forth those standards in detail again, the Court notes that when "reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure." *Gillich v. Shields*, 2018 WL 2926299, at *3 (N.D.N.Y. Apr. 30, 2018), *report and recommendation adopted*, 2018 WL 2926302 (N.D.N.Y. June 8, 2018). Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contains "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995).

Even liberally construing Plaintiff's Amended Complaint, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), the Court concludes that it fails to comply with this rule. The Amended Complaint simply does not set forth a comprehensible claim for relief. It is a somewhat rambling document that does not specifically identify the particular factual or legal basis on which Plaintiff seeks relief. The named Defendant here is the United States Mint, but apart from his assertion that the nature of his allegations "are clear and simple," Am. Compl. at p. 3, Plaintiff makes no specific factual allegations concerning acts or omissions

on the part of Defendant and cites no federal law purporting to give rise to a claim.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once if there is any indication that a valid claim might be stated." *Veronese v. Finkle*, 2011 WL 6258812, at *2 n. 1 (N.D.N.Y. Dec. 12, 2011) (citing cases). However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases).

Here, Plaintiff was afforded an opportunity to amend and was given specific direction as to the form and requirements for a complaint. Dkt. No. 6 at pp. 6-7. The amended pleading filed by Plaintiff, however, failed in any meaningful way to address the deficiencies identified in the Report-Recommendation and does not comply with the basic pleading requirements of the Federal Rules of Civil Procedure. In such a circumstance, dismissal with prejudice is appropriate. *Liqiang Wei v. Hoffmann*, 2018 WL 4266129, at *1 (N.D.N.Y. Aug. 14, 2018), *report and recommendation adopted,* 2018 WL 4266039 (N.D.N.Y. Sept. 6, 2018) (denying second opportunity to amend when Amended Complaint "suffers from many of the same deficiencies as those identified" in dismissing the original complaint). Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when []he took no steps to do so

with [his] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases).

**ACCORDINGLY**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be dismissed with prejudice, pursuant to 28 U.S.C. § 1915 for failure to state a claim; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by certified mail, return receipt requested, upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 1, 2018
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).